UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

EDWARD A. BAKER, #1205144,      :
                                :
            Petitioner,         :
                                :
v.                              :    CIVIL ACTION NO. 2:13cv324
                                :
HAROLD W. CLARKE, Director,     :
Virginia Department of Corrections,:
                                :
            Respondent.         :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Edward A. Baker, proceeding pro se, brings this petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2254. The petition alleges violation of federal rights pertaining to petitioner's convictions on September 17, 2009, in the Circuit Court of Richmond, Virginia, for possession with intent to distribute heroin, second or subsequent offense. As a result of the conviction, Baker was sentenced to serve 30 years in prison.

The Respondent moved to dismiss Baker's petition, and in accordance with Roseboro v. Garrison and Local Rule 7(k), Baker was advised of his right to respond to the motion and the consequences of failing to respond. (ECF No. 6). Baker did not file a response and the deadline for doing so has now expired.

1

The matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(B) and Rule 72(b) of the Federal Rules of Civil Procedure. For the reasons stated below, the undersigned recommends that the Respondent's Motion to Dismiss(ECF No. 3) be GRANTED and the petition (ECF No. 1) be DENIED and DISMISSED with prejudice.

## I. STATEMENT OF THE CASE

Baker was tried and convicted by a jury on September 17, 2009 in the Richmond Circuit Court of possession of heroin with intent to distribute, a second or subsequence offense. On November 16, 2009 the trial court sentenced Baker, in accordance with the sentence recommended by the jury, to 30 years in prison and a $10,000.00 fine. The Court of Appeals denied Baker's appeal and on March 15, 2011 the Supreme Court of Virginia refused his petition for appeal. He did not petition the United States Supreme Court for <u>certiorari</u>.

On September 3, 2012 Baker filed a state habeas petition in the Circuit Court for the City of Richmond, Virginia, which was dismissed as untimely on September 27, 2012. On June 7, 2013 Baker filed this federal habeas petition, seeking relief under 28 U.S.C. § 2254.

## II. RECOMMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW
A. **Baker's petition is time-barred.**

Baker's habeas petition is time-barred. The Anti-Terrorism

and Effective Death Penalty Act (AEDPA) established a one-year period for persons in custody pursuant to a state final judgment to petition federal courts for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1996). A court must dismiss a petition filed one-year after the date on which (1) the judgment became final; (2) any state-created impediment to filing a petition was removed; (3) the United States Supreme Court recognized a new constitutional right that retroactively applies; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D) (1996). Additionally, during the time which a "properly filed" application for state post-conviction relief or collateral review petition is pending, a court must toll the federal filing time period for a petition. 28 U.S.C. § 2244(d)(2) (1996).

"An application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000). Compliance with applicable laws and governing rules generally includes the "the time limits upon its delivery." Id.

Baker's direct appeals were exhausted when the Supreme Court of Virginia refused his petition on March 15, 2011. Baker did not petition the United States Supreme Court for a writ of certiorari within 90 days, nor did he toll the statute of

3

limitations by timely filing his state habeas petition[1], therefore the statute of limitations on his federal petition began to run on June 15, 2011, ninety (90) days after the Supreme Court's action.

Baker was required to file his federal petition by June 15, 2012, but it was signed on May 23, 2013 and filed with this Court on June 7, 2013, more than eleven months past the federal limitations period under § 2244(d)(2). Consequently, Baker's habeas petition is time-barred. Baker's state petition did not toll the running of the federal limitations period, both because it was filed after the federal limitations period had already expired, and because it was untimely under state law, and thus not "properly filed." Artuz, 531 U.S. at 8; Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005).

In addition to the statutory exceptions, the limitation period of § 2244 may be equitably tolled "in those 'rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and a gross injustice would result.'" Green v. Johnson, 515 F.3d 290, 304 (4th Cir. 2008) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc)). The time to file a petition may be tolled if the petitioner can

---

[1] Baker did file a late habeas petition, which the Circuit Court dismissed on September 27, 2012.

show: (1) he pursued his rights with diligence and (2) some extraordinary circumstance prevented his timely filing of his habeas petition. <u>Holland v. Florida</u>, 130 S.Ct. 2549, 2562 (2010). Baker's petition urges the Court to equitably toll the limitations period due to problems he encountered obtaining records, and due to his attorney's illness and subsequent hospitalization.

With regard to the records, Baker's petition contends that he was unable to obtain records from the Richmond Public Defender's office without his signature, resulting in a delay until May, 2012. But this difficulty, even if it resulted from some factor external to the petitioner, would not excuse the twelve month delay in presenting his claims to this Court. Likewise, his attorney's illness arose in January, 2013, long after Baker had obtained the records and some six months after the federal limitations period expired. Accordingly, neither proffered ground is sufficient to warrant the extraordinary remedy of equitable tolling.

Neither is Baker entitled to relief due to a claim of actual innocence. <u>McQuiggin v. Perkins</u>, 133 S. Ct. 1924, 1931 (2013). In <u>McQuiggin</u>, the Supreme Court extended to AEDPA's statutory limitations period the rule that a "credible showing of actual innocence may allow a prisoner to pursue his constitutional claims … on the merits notwithstanding the

5

existence of a procedural bar to relief." Id. at 1931. The injustice done by imprisoning an innocent individual outweighs the interest of adhering to the AEDPA's statute of limitations. Id. at 1932.

In creating the narrow exception to AEDPA's one year limitation period, the Supreme Court observed that it would apply "to a severely confined category" of cases in which "new evidence" shows that "'it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" McQuiggin v. Perkins, 133 S. Ct. 1924, 1933 (2013) (citing Schlup v. Delo, 513 U.S. 298, 327 (1995)). After reviewing Baker's petition, and the state court records in the case, the undersigned is unable to discern any new evidence, much less any which would have prevented any reasonable juror from convicting him. Indeed, Baker's habeas claims do not even go to the underlying conviction, rather they address the perceived severity of the sentence imposed. Because Baker does not assert any claim of actual innocence, his petition remains time-barred.

### III. RECOMMENDATION

Baker's habeas petition is time-barred and he has presented no factual basis upon which to excuse or extend the statute of limitations. Accordingly, the undersigned recommends that Respondent's Motion to Dismiss be GRANTED and Baker's petition

for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and DISMISSED with prejudice.

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to mail a copy of this Order to the Petitioner and to counsel of record for the Respondent.

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

October 18, 2013

**Clerk's Mailing Certificate**

A copy of the foregoing Report and Recommendation was mailed this date to each of the following:

**Edward A Baker**
1205144
Powhatan Correctional Center
3600 Woods Way
State Farm, VA 23160

**John Watkins Blanton**
Office of the Attorney General (Richmond)
900 E Main St
Richmond, VA 23219

Fernando Galindo, Clerk

By_____
Deputy Clerk

_October 18_, 2013